IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACQUEL LEWIS,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0080 |
| | : | |
| **CITY OF PHILADELPHIA POLICE,** | : | |
| **LAW ENFORCEMENT,** | : | |
|     Defendant. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                                           **JANUARY 23, 2023**

Plaintiff Racquel Lewis, a self-represented litigant, brings this civil action against "City of Philadelphia Police, Law Enforcement" based on an alleged ongoing conspiracy against her in violation of her constitutional rights and various statutes. (ECF No. 2 ("Compl.").) Lewis also filed a Motion for Leave to Proceed *In Forma Pauperis* and a Motion for Injunctive Relief. (ECF Nos. 1 & 3.) For the following reasons, the Court will grant Lewis leave to proceed *in forma pauperis*, dismiss her Complaint, and deny her Motion for Injunctive Relief.

**I.      FACTUAL ALLEGATIONS**

The gist of Lewis's Complaint is that the City of Philadelphia Police Department has participated in a years-long conspiracy motivated by a desire to retaliate against Lewis for filing an employment discrimination lawsuit against her former employer, the Community College of Baltimore County. (Compl. at 1.)[1] Lewis alleges that the conspiracy has caused "a spiral of events" in her life and the life of her minor child "over the past 8+ years." (*Id.*) Lewis alleges that "law enforcement" hacked her electronic devices and used technology in numerous ways to

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

carry out the alleged conspiracy, including by "stream[ing] naked pictures" of her, "delay[ing] [her] book from being written because they changed content and blocked saving due to control over [her] devices," surveilled her, and broadcasted her conversations "because they did not consult with [her] after [she] was labeled a security risk/safety risk and a snitch by CCBC." (*Id.*; *see also id.* at 4 ("Law Enforcement have intruded in my life by way of hacking my technology and my social media from 2015 until current.").)

Lewis adds that law enforcement attempted to make her mentally ill, caused her and her child to be evicted from their home, and used technology to make it appear as though she caused the adverse events in her life. (*Id.* at 2.) According to Lewis, the "cyberstalking/harassment has followed [her] from over 3 states and was by far the worst in Philadelphia" and she is still unemployed as a result. (*Id.*) She also claims that law enforcement hacked her family members' devices and destroyed police reports she made. (*Id.* at 4-5.) Lewis also contends that law enforcement used her "Christianity as an excuse to torture/conduct religious tests." (*Id.* at 5.) She seeks $35 million in damages "for the violations committed by Law Enforcement." (*Id.* at 6.) In her Motion for Injunctive Relief, Lewis seeks "injunctive relief to avoid public retaliation" for herself and her family, and seeks to prevent law enforcement from treating others as she was treated. (ECF No. 3.)

II.   **STANDARD OF REVIEW**

The Court grants Lewis leave to proceed *in forma pauperis* because it appears she is not able to pre-pay the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III.   DISCUSSION**[2]

Lewis's allegations are wholly incredible and lack a basis in fact.  As discussed above, Lewis generally alleges violations of her civil rights in connection with a decades-long conspiracy spanning three states involving hacking and taking over her electronic devices, embarrassing her, and rendering her homeless and jobless all with the purpose of retaliating against her for filing a lawsuit against her former employer in Baltimore.  These allegations are wholly incredible.  Accordingly, the Court will dismiss the Complaint as factually baseless, without leave to amend.[3]  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that

---

[2] To the extent Lewis raises claims on behalf of anyone other than herself, including her child, those claims are dismissed without prejudice for lack of standing.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. (quotation omitted)); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that father could not pursue claims on behalf of minor children).

[3] Notably, this is not the first lawsuit Lewis filed based on the conspiracy alleged in her Complaint.  She previously filed two lawsuits in this Court raising similar allegations, both of which were dismissed upon screening.  *See Lewis-Davis v. PEC-Gloria's Place*, Civ. A. No. 21-2180 (E.D. Pa.); *Lewis-Davis v. U.S. Dep't of Justice*, Civ. A. No. 21-4052 (E.D. Pa.).

"numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions'" and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, Civ. A. No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Lewis's clams as factually frivolous and dismiss any claims she brought on behalf of others without prejudice for lack of standing. Her Motion for Injunctive Relief will be denied. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (a party seeking the "extraordinary remedy" of a preliminary injunction must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief"). An appropriate Order dismissing this case follows.

**BY THE COURT:**

/s/ John R. Padova

**JOHN R. PADOVA, J.**